STATE of Texas ex rel. Bill HILL, Relator,

v.

COURT OF APPEALS FOR THE FIFTH DISTRICT, Respondent.

No. 74,048.

Court of Criminal Appeals of Texas.

June 27, 2001.

Rehearing Denied Sept. 12, 2001.

Scott Patrick Stolley, Dallas, for Respondent, Real Party In Interest Fifth Court of Appeals.

John R. Rolater, Jr., Asst. DA, Dallas, Matthew Paul, State's Atty., Austin, for Relator.

## *OPINION*

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND, WOMACK, KEASLER, HERVEY and HOLCOMB, JJ., joined.

Following the death of Alexandra Pennington at Children's Medical Center of Dallas (the hospital), the Texas Department of Health notified Detective Dan Lesher of the Dallas Police Department of the death and the circumstances surrounding it.[1] After learning that the hospital

---

1. According to Relator's petition:

Alexandra Pennington was a patient in the pediatric intensive care unit operated by [the hospital]. She died on January 2, 2000. Shannon Kidd was the respiratory care therapist charged with caring for Alexandra. Kidd was required to change a Nitrogen tank used to treat Alexandra when the tank fell below 500 psi. The tank reached 350 psi, and Kidd was notified that the tank needed to be changed. Kidd noted the state of the tank in her records, but did not change it. Kidd was later informed that the tank pressure had fallen further, but again did not change the tank. Eventually, the tank ran dry and Alexandra died. After the child "coded" Kidd changed the empty tank for one at 350 psi. The failure to timely change the tank caused Alexandra's death.

had conducted an extensive internal investigation of the death, and that the investigation included statements taken from persons who were in the room where the child died, Lesher applied to the Dallas County Grand Jury for a subpoena *duces tecum* to obtain information regarding the hospital's investigation.

The hospital subsequently received a subpoena *duces tecum* signed by Judge Warder and ordering it to produce "all medical records regarding Alexandra Roel Pennington, all statements given by Shannon Kidd, Sandra McDermott, or any other individuals unknown to the affiant regarding the internal investigation and termination of Shannon Kidd, including any notes, letters, reports, audio or videotaped statements regarding the death of Alexandra Roel Pennington" to a Dallas County grand jury. The hospital produced the medical records and written statement of Shannon Kidd, but objected to production of the remaining documents on various grounds. The judge overruled these objections and ordered production of the documents.

At the Fifth Court of Appeals, the hospital asserted that the judge had erred in ordering production of the documents because they were protected from discovery by § 161.032 of the Texas Health & Safety Code,[2] known as the "Medical Committee Privilege."[3] The court of appeals found that it needed to reconcile two allegedly conflicting statutes, §§ 161.032 and 261.202 of the Texas Family Code.[4] *In re Children's Medical Center of Dallas*, No. 05–00–01900–CV, slip op. at 2 (Tex.App.—Dallas January 4, 2001) (not designated for publication). It further found that, for purposes of interpreting § 161.032, the subpoena at issue in the instant case was a "court subpoena." *Id.* at 2–3. After determining that § 161.032 did not actually create a privilege in the traditional sense but was a confidentiality statute, it determined that the standards to be applied to the instant case were those applicable to the interpretation of statutes rather than to commonlaw-created evidentiary or procedural privileges. *Id.* at 3.

Pursuant to § 311.026 of the Texas Government Code, under which preference is to be given to a specific statute over a

---

**2.** Section 161.032, titled "Records and Proceedings Confidential," provides in relevant part:

> The records and proceedings of a medical committee are confidential and are not subject to court subpoena. A proceeding of a medical peer review committee, as defined by Section 1.03, Medical Practice Act (Article 4495b, Vernon's Texas Civil Statutes), or medical committee, or a meeting of the governing body of a public hospital, hospital district, or hospital authority at which the governing body receives records, information, or reports provided by a medical committee or medical peer review committee is not subject to Chapter 551, Government Code. Records, information, or reports of a medical committee or medical peer review committee and records, information, or reports provided by a medical committee or medical peer review commit-

> tee to the governing body of a public hospital, hospital district, or hospital authority are not subject to disclosure under Chapter 552, Government Code.

**3.** *See* Thomas C. Riney, Christopher D. Wolek, *Hippocrates Enters the New Millennium—Texas Medical Privileges in the Year 2000*, 41 S. TEX. L.REV. 315, 330 (2000); Gail N. Friend, Jennifer L. Rangel, Madison Finch, Brett A. Storm, *The New Rules of Show and Tell: Identifying and Protecting the Peer Review and Medical Committee Privileges*, 49 BAYLOR L.REV. 607, 624 (1997).

**4.** Section 262.202, titled "Privileged Communication," provides that "[i]n a proceeding regarding the abuse or neglect of a child, evidence may not be excluded on the ground of privileged communication except in the case of communications between an attorney and client."

general one,[5] the court held that § 161.032 was more specific than general statements in the Family Code or grand-jury statutes on waiver of privileges and thus controlled. *Id.*. It also held that, because § 161.032 makes no exceptions and because it could not add to or subtract from the language used by the legislature, the plain language of the statute dictated that medical-committee proceedings not be subject to court subpoenae in any instance. *Id.* at 3–4. Finally, it determined that, because all of the relevant statutes had been amended and codified since their provisions were first enacted, their continuation by the legislature was some evidence that the legislature did not intend for the provisions of the Family Code or the grand-jury statutes to defeat the confidentiality provision of § 161.032. *Id.* at 4.

The court of appeals then conditionally granted mandamus relief to the hospital, on the ground that the trial court had abused its discretion in ordering the production of the documents in question. *Id.* at 1, 4. Relator brought this mandamus action contesting the court of appeals' issuance of the writ of mandamus. We hold that the court of appeals abused its discretion in granting mandamus relief.[6]

■ We recently reaffirmed the applicable standards for an issuance of a writ of mandamus. This Court will issue such a writ ordering a court of appeals to rescind its own writ of mandamus if the relator can demonstrate before this Court that: (1) he has no other adequate remedy at law; and (2) under the relevant facts, the court of appeals clearly abused its discretion in issuing the writ. *State ex rel. Hill v. Court of Appeals for Fifth District,* 34 S.W.3d 924, 926 (Tex.Crim.App.2001)(citing cases therein). Because the only remedy from an adverse ruling in an original mandamus proceeding in the court of appeals is by way of a writ of mandamus to this Court, relator in the instant case has satisfied the requirement that he have no other adequate remedy at law. *Id.* at 926–7.

■ A court of appeals abuses its discretion in granting a writ of mandamus if the relator fails to demonstrate in the court of appeals that (1) he has no other adequate legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *Id.* at 927. We have explained that an act is "ministerial" if it does not involve the exercise of any discretion. If there is any discretion or judicial determination attendant to the act, it is not ministerial, nor is it a ministerial act if the trial court must weigh conflicting claims or collateral matters which require legal resolution. *Id.* at 927. The

---

**5.** Section 311.026, titled "Special or Local Provision Prevails Over General," provides:
   (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
   (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

**6.** Because this matter involves a criminal investigation, we have jurisdiction to grant ex-

traordinary relief in this matter. *See* TEX. CONST. art. V, § 5; *Dickens v. Court of Appeals For Second Supreme Judicial District of Texas,* 727 S.W.2d 542, 545 (Tex.Crim.App. 1987) (noting that current version of Article V, § 5 of the Texas Constitution confers upon Court of Criminal Appeals "general mandamus jurisdiction in criminal law matters in addition to the previously existent mandamus and prohibition authority to enforce its own jurisdiction") (internal quotation marks omitted) (citing *State ex rel. Wade v. Mays,* 689 S.W.2d 893 (Tex.Crim.App.1985); *Thomas v. Stevenson,* 561 S.W.2d 845, 846–7 (Tex.Crim. App.1978)).

law must spell out the duty to be performed with such certainty that nothing is left to the exercise of discretion or judgment. *Id.* at 928. Even a trial court's ruling on a pure question of law is not subject to writ review where that law was unsettled or uncertain. *Id.*

In the instant case, the possible conflict between and harmonization of §§ 161.032 and 261.202 was a matter of first impression. As the court of appeals' analysis demonstrates, the law is not clear or settled, and therefore it cannot be said that there is a "clear legal right" under the law that will justify mandamus relief. *Id.* at 928. Thus, the court of appeals, in determining that § 161.032 required the trial judge to vacate her order denying relief to the hospital and to quash the grand jury subpoena for the documents at issue, exercised judicial discretion. Regardless of whether or not the court of appeals was correct in concluding that the documents at issue were protected by § 161.032, the trial court had no ministerial duty to rule that the documents were so protected. Therefore, the court of appeals abused its discretion by granting mandamus relief under these circumstances.

It is our practice to withhold issuance of the writ and allow the court of appeals the opportunity to conform its actions to our opinion. *State ex rel. Hill v. Court of Appeals for Fifth District,* 34 S.W.3d at 929 (and cases cited therein). The writ of mandamus will issue from this Court only if such action is not taken.

KELLER, P.J., concurred in the judgment.