**In re Susan D. REED, Criminal District Attorney, Bexar County, Texas.**

No. 04–04–00054–CV.

Court of Appeals of Texas, San Antonio.

April 21, 2004.

Rehearing Overruled May 24, 2004.

Alan E. Battaglia, Enrico B. Valdez, Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Edward L. Bravenec, McKnight & Bravenec, Allen F. Cazier, C. Jeffrey Mulliner, Law Office of Brown & Norton, Geoffrey Clark, Ryan G. Anderson, Ball & Weed, P.C., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Susan D. Reed, Bexar County's Criminal District Attorney, seeks a writ of mandamus to compel Philip A. Meyer, presiding judge of County Court Number 6, to vacate his order recusing the Bexar County Criminal District Attorney's Office from prosecuting Albert McKnight in Cause Number 870052, styled The State of Texas v. Albert W. McKnight. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Albert W. McKnight is a justice of the peace in San Antonio, Texas. In December 2003, McKnight was charged with the

offense of indecent exposure. It is undisputed that the alleged conduct did not occur during or in connection with the performance of McKnight's public duties. Nonetheless, because the charged offense involves an act of moral turpitude and would, if McKnight were found guilty, constitute official misconduct, the Judicial Conduct Commission in January 2004 suspended McKnight from office.[2] On the same day that McKnight was suspended, he moved to recuse Susan D. Reed, the Bexar County Criminal District Attorney, and her office from prosecuting the indecent exposure charge. As the basis for his motion, McKnight alleged that the Criminal District Attorney's previous representation of him in civil matters as an elected official, as well as her duty to advise him on the appeal of the Judicial Conduct Commission's suspension order, results in a conflict of interest that precludes Reed and her office from prosecuting him in the indecent exposure case.

Judge Philip A. Meyer, the presiding judge of the court in which the indecent exposure case is pending, conducted an evidentiary hearing on McKnight's recusal motion. At the hearing, McKnight testified that the civil section of the District Attorney's Office had represented or at least advised him in various civil matters in the past and should be representing him in connection with the suspension proceeding. At the conclusion of the hearing, Judge Meyer orally found that "there was a preexisting attorney-client relationship between the District Attorney's office and Judge McKnight"; the "relationship continued for some time and involved matters, some of which were recalled, some of which were not"; and "to allow the District Attorney's office to continue to prosecute him would work as a violation of his due process rights." The next day, Judge

Meyer signed an order granting the motion to recuse and ruling that the District Attorney's office "is disqualified from the prosecution of this cause based on a conflict of interest arising from a prior attorney-client relationship with [McKnight]" and that continued prosecution by the District Attorney's office would violate McKnight's due process rights.

## PREREQUISITES FOR MANDAMUS RELIEF

■ In a criminal case mandamus relief is authorized only if the relator establishes "(1) he has no other adequate legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial." *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex.Crim.App.2001). "[A]n act is 'ministerial' if it does not involve the exercise of any discretion." *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 67 S.W.3d 177, 180 (Tex.Crim.App.2001). Thus, "mandamus may lie to compel a trial court 'to rule a certain way' on an issue that is 'clear and undisputable' such that its merits are 'beyond dispute' or when the 'law clearly spells out the duty to be performed with such certainty that nothing is left to . . . discretion or judgment' whether that law is derived from 'statute, rule, or opinion of a [superior] court.'" *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n. 3 (Tex.Crim.App.2003). This heavy burden is met "when the facts and circumstances dictate but one rational decision: 'When it is decided that a trial judge exercising a 'discretionary' authority has but one course to follow and one way to decide then the discretionary power is effectually destroyed and the rule purport[ing] to grant such [discretionary] power is effectively repealed.'" *Buntion v. Harmon*,

---

**2.** *See* TEX. CONST. art. V, § 1–a(6)(A); TEX. GOV'T CODE ANN. § 33.001(d) (Vernon 2004); Rule 15(a), PROCEDURAL RULES FOR THE REMOVAL OR RETIREMENT OF JUDGES.

827 S.W.2d 945, 947 n. 2 (Tex.Crim.App. 1992).

## DISCUSSION

█ It is beyond dispute that the Bexar County Criminal District Attorney does not have an adequate remedy by appeal; indeed, she has no right of appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2003). Accordingly, the dispositive issue in this mandamus proceeding is whether the merits of McKnight's recusal motion "are 'beyond dispute.'" We hold that they are.

"The criminal district attorney of Bexar County shall attend each term and session of the district, county, and justice courts in Bexar County held for the transaction of criminal business and shall exclusively represent the state in all matter before those courts." TEX. GOV'T CODE ANN. § 44.115(a) (Vernon 2004). The only exceptions to this rule recognized by the Texas Code of Criminal Procedure are voluntary recusal, *see* TEX.CODE CRIM. PROC. ANN. art. 2.07(b–1) (Vernon Supp.2003), and the district attorney's prior representation of the defendant in the same case, *i.e.*, when the district attorney "has been, before [her] election, employed adversely." *Id.* at art. 2.01; *see Ex parte Morgan,* 616 S.W.2d 625, 626 (Tex.Crim.App.1981); *Ex parte Spain,* 589 S.W.2d 132, 134 (Tex.Crim.App. 1979). Since the Bexar County Criminal District Attorney has not voluntarily recused herself from the indecent exposure proceeding, we are left with the exception set forth in article 2.01.

In *Morgan* and *Spain*—both post-conviction habeas corpus proceedings—the Texas Court of Criminal Appeals held the district attorney violated article 2.01—and the defendants' right to "due process of law under the Fourteenth Amendment to the Constitution of the United States and Article I, section 19 of the Texas Constitution"—by prosecuting a charge "against a defendant whom he formerly represented as defense counsel *in the same case*" *Spain,* 589 S.W.2d at 134 (emphasis added); *see Morgan,* 616 S.W.2d at 626; *cf. State ex rel Sherrod v. Carey,* 790 S.W.2d 705 (Tex.App.-Amarillo 1990) (orig. proceeding) (refusing to issue writ of mandamus to require trial court to vacate order disqualifying district attorney's office from prosecuting juvenile case when employee of the district attorney had represented the juvenile in the same case). That is not the case here. McKnight does not allege—and there is no evidence—that Reed, before her election, represented McKnight in the indecent exposure proceeding.

In his brief to this court, Judge Meyer concedes mandamus is appropriate when the trial court can reasonably reach only one decision but argues that he found a due process violation arising out of an *ongoing* attorney-client relationship between McKnight and the District Attorney's Office. In fact, however, Judge Meyer made no such finding and, if he had, it would have absolutely no support in the record; the record establishes only that the District Attorney's Office represented or at least advised McKnight on civil matters in the past. Similarly, in an attempt to establish an ongoing representation, McKnight argues that the District Attorney's Office is required by section 157.901 of the Texas Local Government Code to represent him in the suspension proceeding. We disagree. Section 157.901(a) expressly limits the county and district attorneys' duty to defend to suits "for an action arising from the performance of public duty." TEX. LOC. GOV'T CODE ANN. § 157.901(a) (Vernon 1999). Since it is undisputed the indecent exposure charge against McKnight did not "aris[e] out of the performance of public duty," section 157.901 does not impose a duty on the Bexar County District Attorney to de-

fend McKnight in the suspension proceeding.

McKnight and Judge Meyer both rely heavily on the substantial deference to be accorded a trial judge's findings of fact. We, of course, recognize and respect this rule and its strict application in the mandamus context. However, the material, relevant facts are not in dispute: Before the indecent exposure charge arose, the District Attorney's Office represented or at least advised McKnight on various civil matters, none of which is identical to or even substantially related to the indecent exposure charge it now seeks to prosecute. These facts would not constitute a conflict of interest even under the stringent rules applicable in the private sector.[3] Accordingly, even if we were to give full precedential weight to the plurality opinion in *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex.Crim.App.1994),[4] and its implication that "[a] trial court may ... disqualify a district attorney or his staff on the basis of a conflict of interest that ... rise[s] to the level of a due process violation," the standard is not met here. There simply is no record evidence of a conflict of interest, much less a conflict of interest that rises to the level of a due process violation.

In short, McKnight's recusal motion does not fit within the parameters of article 2.01, which remains the only factual situation recognized by the Texas Court of Criminal Appeals as justifying recusal. *See Ex parte Morgan*, 616 S.W.2d at 626; *Ex parte Spain*, 589 S.W.2d at 134. Nor does it meet the more expansive standard set forth in the plurality opinion in *Hill v. Pirtle*. Under these circumstances, the merits of the recusal motion are "beyond dispute." Because "the facts ... dictate but one rational decision," Judge Meyer did not have discretionary authority to grant the recusal motion.

### CONCLUSION

McKnight has not alleged, and the record does not establish, that Reed "has been, before [her] election, employed adversely" within the meaning of article 2.01. And, although Judge Meyer found a conflict of interest that, if permitted to continue, would violate McKnight's due process rights, there is no evidence or legal authority to support his conclusion. We therefore conditionally grant the petition for a writ of mandamus and direct the Clerk to issue the writ only if Judge Meyer does not vacate his orders recusing the Bexar County Criminal District Attorney's Office and appointing special prosecutors in Cause Number 870052 within ten days of the date of our order.

---

**3.** *See* Tex. Disciplinary R. Prof'l Conduct 1.09 (prohibiting representation if current matter involves same or substantially similar subject matter or current representation will in reasonable probability involve disclosure of former client's confidential or privileged information or using confidential information to former client's disadvantage), 1.10(e)(1) (prohibiting public officer or employee from participating in a matter in which he or she previously represented the adverse party), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Although McKnight testified that he had provided the District Attorney's Office with personal information in connection with his prior dealings with the District Attorney's Office, he gave no indication of what that personal information might have been; and, since the prior matters and the indecent exposure charge are not "the same or substantially similar," he would not be aided in the private sector context by the presumption of a potential for the violation of client confidences. *See NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 399–400 (Tex.1989).

**4.** "A plurality opinion is of limited precedential value." *Vargas v. State*, 838 S.W.2d 552, 554 n. 1 (Tex.Crim.App.1992).