Adrian Dwayne ELEBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–05–041 CR.

Court of Appeals of Texas, Beaumont.

Submitted May 31, 2005.

Decided Aug. 24, 2005.

George S. (Steve) Hebert, Huffman, for appellant.

Michael R. Little, Dist. Atty., Michael A. Mark, Asst. Dist. Atty., Liberty, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Adrian Dwayne Eleby pleaded guilty to aggravated robbery and was sentenced by the jury to eighty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Eleby appeals raising three issues.

■ In his first issue, Eleby claims the trial court erred in depriving him of a hearing on the issue of his competency to stand trial. The record reflects the trial court signed an order for the examination of Eleby but does not demonstrate a hearing was conducted or evidence was otherwise submitted to the court. The motion to have Eleby examined requested an examination to determine competency but did not assert Eleby was incompetent and contained no evidence of any incompetency. That motion, in and of itself, does not require the trial court to hold a competency inquiry. *See McDaniel v. State,* 98 S.W.3d 704, 711 (Tex.Crim.App.2003). As the record fails to show that any evidence of incompetency was brought to the attention of the trial court, the mere fact that the trial court ordered an examination but none was ever conducted does not violate Code of Criminal Procedure article 46.02. *See id.* Issue one is overruled.

■ Issue two contends the trial court erred by failing to admonish Eleby of the consequences of his plea. The record does not demonstrate the trial court admonished Eleby either orally or in writing. We find the trial court erred in failing to show on the record that it admonished Eleby on the range of punishment when he pleaded guilty to the charged offense. *See Aguirre–Mata v. State,* 125 S.W.3d 473, 473(Tex.Crim.App.2003).

■ Our inquiry does not end here, however. The Court of Criminal Appeals has held the error to be nonconstitutional and therefore subject to a harm analysis under Tex.R.App. P. 44.2(b). *Aguirre–*

*Mata,* 125 S.W.3d at 473. To perform that analysis, "a reviewing court must independently examine the record for indications that a defendant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to admonish him of the punishment range." *Burnett v. State,* 88 S.W.3d 633, 638(Tex.Crim.App.2002).

■ During the hearing on the Motion to Disqualify the Prosecutor, Eleby was asked, "Do you realize what your minimum and maximum sentence is?" Eleby replied, "I realize that." Further, Eleby was asked, "You understand that the last person who did the same thing that you did, that did not have a criminal record you've got, I offered him 45 years and got him a life sentence at trial, you understand that?" Eleby answered, "Yes, sir. . . ."

During opening argument, the State informed the jury that the range of punishment was fifteen to ninety-nine years or life. The charge on punishment was read to the jury and it instructed "that the punishment which should be assessed against this defendant is imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not less than 15 years nor more than 99 years or Life."

The record reflects no objection or protest by Eleby or defense counsel when either the State or the trial court stated the range of punishment. At no time did Eleby ask to withdraw his guilty plea. Defense counsel did not file a motion for new trial on the grounds the plea was not knowing and voluntary. *See id.* at 640–41. "[T]o warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea." *Id.* at 638. We find the record before this court does not establish such an inference. Accordingly, issue two is overruled.

■ Eleby's final issue asserts the trial court's denial of his Motion to Disqualify the Prosecutor deprived him of a fair trial. The prosecutor in the instant case was employed as defense counsel in two prior cases being used to enhance the current conviction. The record reflects Eleby pleaded true to both enhancement allegations and the record of conviction was entered for each one.

Eleby argues the prosecutor's prior representation and the knowledge he gained from that representation created a conflict of interest. At the hearing on the motion to disqualify, Eleby testified he discussed the merits of those cases with the prosecutor but the prosecutor did not represent him through the conclusion of the case. Eleby testified he did not remember disclosing any private information that was not disclosed elsewhere. He did not testify he was concerned the prosecutor would disclose any private information. The prosecutor testified there was no information learned from his brief representation of Eleby that he intended to use in the current prosecution.

■ While it would most certainly be the better practice to recuse in cases of this nature, the conflict is not apparent, as opposed to cases where the representation is in the same case. *See Ex parte Morgan,* 616 S.W.2d 625, 626 (Tex.Crim.App. 1981); *Ex parte Spain,* 589 S.W.2d 132, 134 (Tex.Crim.App.1979). In those cases, no specific prejudice need be shown because the conflict is apparent. Otherwise, to properly disqualify a prosecutor a defendant must prove prejudice to his rights or deprivation of his right to due process. *See State ex. rel. Hill v. Pirtle,* 887 S.W.2d 921, 927 (Tex.Crim.App.1994). Here, the representation did not occur in the same case, and the offenses in which the prosecutor had represented Eleby were being

used for enhancement. Therefore, the conflict is not apparent and prejudice must be shown. *See Munguia v. State,* 603 S.W.2d 876, 878–79(Tex.Crim.App.1980); *Reed v. State,* 503 S.W.2d 775, 776 (Tex. Crim.App.1974); *Canady v. State,* 100 S.W.3d 28, 31–32 (Tex.App.-Waco 2002, no pet.); *Pirtle,* 887 S.W.2d at 927. On the record before this Court, we find Eleby has not established the prosecutor's failure to recuse prejudiced his rights or deprived him of his due process rights. Issue three is overruled.

The judgment of the trial court is AFFIRMED.