IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00167-CR

 

Ronald Lane Chapman,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 235th District Court

Cooke County, Texas

Trial Court No. 04-013

 



MEMORANDUM  Opinion



 








          A jury convicted Ronald Lane Chapman
of aggravated robbery and assessed his punishment at seventy-three years’
imprisonment.  Chapman contends in three points that: (1) the court abused its
discretion by denying eight challenges for cause; (2) the court erred by
failing to submit an instruction on the lesser-included offense of robbery; and
(3) his right to due process was violated because the district attorney had
represented him in a prior felony case which resulted in his conviction and
which was used to enhance the punishment in this case.  We will affirm.

 

Challenges for Cause

          Chapman contends in his first point
that the court abused its discretion by denying challenges for cause he
asserted against eight members of the venire panel.

                    To preserve error on denied
challenges for cause, an appellant must demonstrate on the record that: 1) he
asserted a clear and specific challenge for cause; 2) he used a peremptory
challenge on the complained-of venireperson; 3) all his peremptory challenges
were exhausted; 4) his request for additional strikes was denied; and 5) an
objectionable juror sat on the jury.

 

Sells v. State, 121 S.W.3d 748, 758 (Tex. Crim. App. 2003); accord Stewart v.
State, 162 S.W.3d 269, 280 (Tex. App.—San Antonio 2005, pet. ref’d).

          Here, Chapman did not request
additional peremptory challenges.  Thus, he has not preserved this issue for
appellate review.  See id.  Accordingly, we overrule Chapman’s first
point.

Lesser-Included Offense

          Chapman contends in his second point
that the court erred by failing to submit an instruction on the lesser-included
offense of robbery.

          A defendant is entitled to an
instruction on a lesser-included offense if (1) the requested charge is a
lesser-included offense of the offense charged, and (2) there is some evidence
which would permit a jury to rationally find that, if the defendant is guilty,
he is guilty of only the lesser offense.  Campbell v. State, 149
S.W.3d 149, 152 (Tex. Crim. App. 2004).

          For there to be “some evidence” to
permit a finding on a lesser offense, the record  must contain “some evidence
directly germane to the lesser-included offense.”  Hampton v. State,
109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  Thus, when the entitlement to an
instruction on a lesser-included offense depends on whether the knife used in
the crime is a deadly weapon, there must be evidence in the record
“affirmatively characterizing the knife as non-deadly.”  Lawrence v.
State, 783 S.W.2d 789, 793 (Tex. App.—El Paso 1990, no pet.).

          Here, the complainant testified that
Chapman threatened her with a knife and demanded all the money from the cash
register and her purse.  The State offered the knife in evidence, and she
identified it as the weapon with which he had threatened her.  An officer who
responded to the call found the knife lying in the grass in the area where
Chapman had fled the scene.  He testified that the knife is twelve inches long
and that the knife is a deadly weapon.  Another officer who responded to the
call also testified that the knife is a deadly weapon.

          Chapman did not cross-examine these
officers on this issue.  He offered no other evidence to suggest that the knife
he used was anything other than a deadly weapon.

          Because there is no affirmative
evidence in the record suggesting that the knife Chapman used is not a deadly
weapon, he was not entitled to an instruction on the lesser-included offense of
robbery.  See Hampton, 109 S.W.3d at 441; Lawrence, 783 S.W.2d at
793.  Accordingly, we overrule Chapman’s second point.

District Attorney’s Prior Representation

          Chapman contends in his third point
that his right to due process was violated because the district attorney had
represented him in a prior felony case which resulted in his conviction and
which was used to enhance the punishment in this case.

          A defendant’s right to due process is
violated when his defense counsel in a particular case later serves as a
prosecutor in the same case.  See State ex rel. Eidson v. Edwards,
793 S.W.2d 1, 6 (Tex. Crim. App. 1990) (orig. proceeding); Ex parte Spain, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979); In re Reed, 137 S.W.3d 676,
679 (Tex. App.—San Antonio 2004, orig. proceeding); Canady v. State, 100
S.W.3d 28, 31-32 (Tex. App.—Waco 2002, no pet.).

          The district attorney’s representation
of Chapman in the prior felony proceeding did not disqualify her from
prosecuting him in this case, even though the prior felony conviction was used
as for enhancement purposes in this case.  See Eleby v. State, 172
S.W.3d 247, 249-50 (Tex. App.—Beaumont 2005, pet. filed).  Accordingly, we
overrule Chapman’s third point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed January 11, 2006

Do not publish

[CRPM]






east-font-family:"Times New Roman";
mso-ansi-language:EN-US;mso-fareast-language:EN-US;mso-bidi-language:AR-SA'>




          One
of the most difficult standards of review to apply is the abuse-of-discretion
standard.  It is an easy test to state
and most people have some notion of what it means just by the label.  It becomes a bit more problematic, however,
when you actually try to define the standard. 
It serves no useful purpose here to catalog all the different ways that
the test has been described to try to actually define how to objectively test a
trial court’s decision by an abuse-of-discretion standard.  Probably the most complex test is the one
defined by Justice John Powers in Landon
v. Jean-Paul Budinger, Inc., from
the Austin Court of Appeals in 1987.  Landon v. Jean-Paul Budinger, Inc., 724
S.W.2d 931, 934-937 (Tex.
App.—Austin 1987, no writ).  The test is
cumbersome and time consuming.  Parties
do not brief in light of this description of the test because courts seldom
attempt to use it.  On the other end of
the spectrum of descriptions for the abuse-of-discretion standard of review
would be something like, the trial court’s decision is “within the zone of
reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh'g).

          And
unless the reviewer is really careful, it is so very easy to find an
abuse-of-discretion when the reviewer simply disagrees with the trial
court.  For example, in this case, the
Court makes no effort to determine whether there was a need for a hearing on
the motion for new trial; but the Court remands the case for a hearing.  If the Court has not evaluated whether there
was charge error, the Court cannot properly determine if a hearing was
necessary.  If there was no error in the
charge, there can be no ineffective assistance of counsel for not objecting to
it, and there would be no need to hold a hearing on the motion for new
trial.  Thus, the trial court did not
abuse its discretion by not holding a hearing on the motion.

          And
if there is error in the charge and it was harmless when measured against the
standard for a defective charge to which an objection was made, then there,
too, is no need to know why there was no objection by counsel.  It would not matter.  And if the charge is defective, and it is
egregious harm, then it still does not matter because the Court could resolve
the merits of the issue.  So, only if it
lies betwixt and between egregious harm and harmful error if it had been
objected to, does the Court need to know why counsel did not object to the
charge.  Because only then does it matter
if there was an objection.  And only then
would we need a record of the trial counsel’s reasons for not objecting to
address the ineffective assistance of counsel issue.

          The
Court stops far short of the analysis necessary to properly resolve the
issue.  I would not.  The Court should perform its assigned task
and determine whether the trial court abused its discretion.  But a single vote will not change the result,
so I will yield to a more timely response and note my dissent and await the
time with patience until the trial court makes its determination known and the
answer returned.  In the Interest of S.A.P., 135 S.W.3d 165, 177-178 (Tex. App.—Waco
2004)(Gray, C.J., dissenting), rev’d,
2005 Tex. LEXIS 52, *1; 48 Tex. Sup. J. 368 (Tex. Jan. 21, 2005).

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

 

Dissenting
opinion delivered and filed on February 23, 2005