



# MEMORANDUM OPINION

No. 04-11-00538-CR

**IN RE** Alberto Miguel **LOPEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Karen Angelini, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  August 3, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On July 27, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to vacate its order disqualifying appointed counsel George Aristotelidis. However, the record indicates Aristotelidis was not disqualified, but instead he filed a motion to withdraw as appointed counsel which was granted by the trial court.

In a criminal case, in order to be entitled to mandamus relief relator must establish: (1) he lacks an adequate legal remedy; and (2) the act sought to be compelled is purely ministerial. *In re Reed*, 137 S.W.3d 676, 678 (Tex. App.—San Antonio 2004, orig. proceeding) (citing *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001)). "'[A]n act is 'ministerial' if it does not involve the exercise of any discretion.'" *Id.* (quoting *State ex rel.*

---

[1] This proceeding arises out of Cause No. 2010-CR-5048, styled *State of Texas v. Alberto Miguel Lopez*, in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Roman presiding.

*Hill v. Court of Appeals for Fifth Dist.*, 67 S.W.3d 177, 180 (Tex. Crim. App. 2001)). "It is generally within the discretion of the trial court whether or not trial counsel should be allowed to withdraw from a case." *Brewer v. State*, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983); *See also Tuffiash v. State*, 948 S.W.2d 873, 878 (Tex. App.—San Antonio 1997, writ ref'd). Because the trial court's ruling on the motion to withdraw as counsel was a discretionary matter, mandamus relief is not available. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH