**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00231-CR
NO. 09-15-00233-CR

_____

**IN RE H.S.**

**IN RE AUSTIN SLEEPER**

═══════════════════════════════════════

**Original Proceeding**

═══════════════════════════════════════

**MEMORANDUM OPINION**

Mandamus relief may be granted to compel the trial court to perform a purely ministerial act for which there is no adequate remedy at law. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 67 S.W.3d 177, 180 (Tex. Crim. App. 2001). The merits of the relief sought must be so clear and undisputable that nothing is left to the exercise of discretion or judgment. *In re State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927-28 (Tex. Crim. App. 2001).

Two mandamus petitions before this Court contend the Judge of the 435th District Court of Montgomery County, Texas, abused his discretion in denying motions to quash a grand jury subpoena that commands a parent to produce his child before the grand jury. Also, one of the petitions argues that the trial court had a ministerial duty to quash the subpoena or require video recording of the grand jury's proceedings. We temporarily stayed the trial court's enforcement of the subpoena and requested responses from the State. *See* Tex. R. App. P. 52.10.

Having examined the mandamus petitions and the State's response, we conclude that the merits of the relief sought in the petitions are not so clear and indisputable that nothing is left to the exercise of discretion or judgment by the trial court. *See Hill*, 67 S.W.3d at 180-81; *Hill*, 34 S.W.3d at 927-28. Accordingly, we lift the stay previously imposed by this Court and we deny the petitions for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 22, 2015
Opinion Delivered July 15, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2

CONCURRING OPINION

I write separately but concur with the court's denial of the writ of mandamus. In the petitions before us, the parties seek a writ of mandamus to: 1) require the trial court to quash the subpoena and 2) require the child's testimony to be videotaped. With respect to those claims, I agree that the merits of the relief sought in the petitions are not so clear and indisputable that nothing is left to the exercise of discretion or judgment by the trial court. I would hold the trial court, which impaneled the grand jury, had a clear duty to conduct an examination of the three-year-old child once the motion to quash was filed with the court, making the trial court aware of the parent's concern of the government's actions involving a child of such tender years. Only because this Court was not requested to grant such relief, I concur in the opinion of the Court.

The court that impanels a grand jury has the authority to quash grand jury subpoenas, compel the testimony of grand jury witnesses, and aid the grand jury in its investigation. *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987); *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd); *see also* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by

this Constitution or other law on some other court, tribunal, or administrative body."). As the Houston Court of Appeals stated in *Guardiola v. State*, a "grand jury subpoena is one of the State's most powerful tools" and explained that "[if] the State abuses or misuses this power, it may result in . . . a breakdown of our constitutional guarantees." 20 S.W.3d 216, 225 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

There is no precise age under which a child is deemed incompetent to act as a witness. *Hawkins v. State*, 11 S.W. 409, 410 (1889); *Torres v. State*, 424 S.W.3d 245, 255 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Escamilla v. State*, 334 S.W.3d 263, 265 (Tex. App.—San Antonio 2010, pet. ref'd). "The competency of a witness to testify is generally a question for determination by the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion is shown." *Fields v. State*, 500 S.W.2d 500, 502 (Tex. 1973); *see Torres*, 424 S.W.3d at 254. Generally, every person is competent to be a witness. Tex. R. Evid. 601(a). Rule 601 indicates there are two exceptions to this general rule, one of which includes persons lacking sufficient intellect, defined as "[a] child. . .*whom the court examines* and finds lacks sufficient intellect to testify concerning the matters in issue." *Id*. 601(a)(2). (emphasis added). "'Children…who, after being examined by the court, appear not to possess

2

sufficient intellect to relate transactions with respect to which they are interrogated' 'shall be incompetent to testify in any proceeding subject to these rules…[.]'" *Escamilla,* 334 S.W.3d at 265-266 (quoting former Tex. R. Evid. 601(a)(2)).

While a trial court may not normally have an obligation to examine witnesses for their competence before they appear before a grand jury, when a motion to quash is brought before the trial court that impaneled the grand jury, the trial court has an obligation to ensure that the State remains within the bounds of its constitutional powers. The United States Supreme Court, in discussing the constitutional stature of parental rights, states, "[T]he interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). When the grand jury issues a subpoena seeking to compel a three-year-old child to testify behind closed doors in its proceedings, the trial court, in my opinion, has a responsibility, despite any procedural missteps by the parties bringing the motion to quash, to exercise its duty to guide the grand jury and to take steps necessary to guarantee the protection of the child. The grand jury's investigative power is rightfully far-reaching, but it is the impanelling judge's

responsibility to balance that power so that the emotional and physical interests of the child are not sacrificed.

Judicial review over the grand jury process is almost totally lacking, and, as a result, the grand jury process is at risk for over-reaching and abuse of power. Except with respect to privileges, the Texas Rules of Evidence do not apply in grand jury proceedings. Tex. R. Evid. 101(c),(e)(2). The State correctly points out that grand juries may consider incompetent and inadmissible evidence. *See In re B.N.E.,* 927 S.W.2d 271, 276 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *In re G.F.O.*, 874 S.W.2d 729, 731 (Tex. App.—Houston [1st Dist.] 1994, no pet.). However, the trial court that impanels a grand jury must exercise its responsibility to oversee the actions of the grand jury to guard against an abuse of power.

In *Wheeler v. United States*, the competency of a five and a half year old child was upheld. 159 U.S. 523, 524 (1895). There, the U.S. Supreme Court stated:

> That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear.  While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former.  The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence[,] as well as his understanding of the obligations of an oath.

*Id*. at 524-25. Here, the grand jury has issued a subpoena for a three-year-old child to appear as a potential witness to an alleged crime. The trial court, as part of its fundamental duty, should have intervened on behalf of this child and exercised its unique authority to ensure the balance of constitutional protections by conducting a competency examination. I acknowledge that there may be rare instances when a three-year-old may be found competent to testify. *See e.g. Escamilla,* 334 S.W.3d at 266-267 (holding trial court did not abuse its discretion in finding a three-year-old child competent to testify when the trial court found the child competent only after conducting a competency examination). In my opinion, the trial court had a clear duty to examine the competency of the child before ruling on the motion to quash.

_____
CHARLES KREGER
Justice

Concurrence Delivered
July 15, 2015

5