**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 13, 2015.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-15-00812-CR**

**NO. 14-15-00813-CR**

**NO. 14-15-00814-CR**

### IN RE STEVEN KURT BAUGHMAN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1423419, 1423420 & 1423421**

## MEMORANDUM OPINION

On September 28, 2015, relator Steven Kurt Baughman filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004);

*see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County, to dismiss his current appointed counsel and to appoint new counsel to represent him.

Relator filed a pro se motion to dismiss his current counsel and to appoint new counsel. The trial court overruled relator's motion. Relator asserts that the trial court failed to perform a ministerial duty and he has no adequate remedy by appeal.

To be entitled to mandamus relief, a relator must show that (1) he has no adequate remedy at law; and (2) what he seeks to compel is a ministerial act. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). An act is "ministerial" if it does not involve the exercise of discretion. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 67 S.W.3d 177, 180 (Tex. Crim. App. 2001). That is, the relator must have a clear right to the relief sought—the merits of the relief sought are beyond dispute. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013). To show a clear right to the relief sought, a relator must show that the facts and circumstances of the case dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principals. *Id.* (quotations and citations omitted).

A ruling on a motion to dismiss counsel is reviewed for an abuse of discretion. *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Because the trial court's ruling involved discretion, relator has not

2

shown that the trial court had a ministerial duty to grant his motion to dismiss counsel and appoint new counsel.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).