**In the Matter of E.D.M.**

**No. 01–95–00571–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 1995.

Brian J. Fischer, Houston, for Appellant.

John B. Holmes, Rikke B. Graber, Bobbie Karmy, Houston, for Appellees.

Before O'CONNOR, HUTSON–DUNN and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the juvenile court's order waiving jurisdiction over the appellant and transferring him to the criminal district court for criminal proceedings. The appellant, E.D.M., was charged by petition in the juvenile court with capital murder. The juvenile court waived its jurisdiction and transferred the appellant for trial as an adult in the district court. We affirm.

### Admonishments

In point of error one, the appellant contends the court erred in transferring his case to the criminal district court without admonishing the appellant of his rights as required by TEX.FAM.CODE § 51.09 (1986 and Supp. 1995). The record shows the juvenile court did not admonish the appellant before proceeding with the hearing on the State's motion to waive jurisdiction over the appellant.

Section 54.02, "Waiver of Jurisdiction and Discretionary Transfer to Criminal Court," outlines the procedure for transferring the juvenile into the criminal system. TEX.FAM. CODE § 54.02 (1986 & Supp.1995). Subsection 54.02(e) lists those things the juvenile court may consider at the transfer hearing, including written reports from probation offi-

cers and professional court employees. Section 54.02 does not contain any other subsection governing the procedure of the transfer hearing.

■ A hearing at which the court decides whether to waive jurisdiction is a dispositional hearing rather than a hearing to determine the juvenile's guilt or innocence. *In re G.B.B.*, 638 S.W.2d 162, 164 (Tex. App.—Houston [1st Dist.] 1982, no writ); *In re S.E.C.*, 605 S.W.2d 955, 957 (Tex.App.— Houston [1st Dist.] 1980, no writ). A juvenile is not entitled to a jury trial at the transfer hearing and the juvenile court may consider hearsay in the form of reports and evaluations.

Section 51.09(a), "Waiver of Rights," outlines the procedure by which a juvenile may waive a right granted by the Family Code or by state or federal law. TEX.FAM.CODE § 51.09(a) (1986). Section 51.09(b) provides the procedure and the specific warnings that must be given before a juvenile's statement is admissible in any hearing. TEX.FAM.CODE ANN. § 51.09(b) (Supp.1995). It includes the following: (A) the juvenile's privilege against self-incrimination; (B) the juvenile's right to be represented by an attorney; (C) the juvenile's right to an appointed attorney, if the juvenile cannot afford an attorney; (D) the juvenile's right to terminate the interview; (E) that the juvenile court may waive jurisdiction; and (F) that the juvenile's statement must be signed in the presence of the magistrate with no law enforcement officer or prosecuting attorney present. TEX.FAM. CODE § 51.09(b)(1).

■ Thus, two of the six matters that § 51.09(b) requires before the juvenile waives its rights are not appropriate subjects for admonishment at a transfer hearing. For example, it is not appropriate at a transfer hearing to tell the juvenile he or she had a right to terminate the interview because the juvenile is not being interviewed; and, it is not appropriate as part of a transfer hearing to provide for safeguards for the juvenile to sign a statement. TEX.FAM.CODE § 51.09(b)(1). Both are necessary to de-

scribe the procedure in taking a statement from the juvenile but not at a transfer hearing.

■ Four of the six matters which § 51.09(b) require for a valid waiver of rights might be appropriate to a transfer hearing: (A) the juvenile's privilege against self-incrimination; (B) the juvenile's right to be represented by an attorney; (C) the juvenile's right to an appointed attorney, if the juvenile cannot afford an attorney; and (D) that the juvenile court may waive jurisdiction. TEX.FAM.CODE § 51.09(b)(1). In this case, however, the juvenile was represented by an attorney at the hearing and did not testify. Thus, the hearing did not involve any waiver of rights addressed in § 51.09(b)(1). Therefore, the appellant cannot show error in the court's failure to give the admonishments required by § 51.09(b). *See In re M.A.V.*, 842 S.W.2d 739, 748–49 (Tex.App.—San Antonio 1992, writ denied) (§ 54.03 admonishments not required before transfer hearing).

We overrule point of error one.

### Hearsay

■ In point of error two, the appellant contends the juvenile court erred in admitting several items of evidence because they were inadmissible hearsay. The appellant concedes certain types of hearsay evidence, *i.e.*, professional and investigative reports, are specifically admissible by statute in a juvenile transfer hearing. *See* TEX.FAM.CODE § 54.02(d)–(e) (1986). However, the appellant asserts other types of hearsay evidence should not be admitted, and the practice admitting such evidence violates the juvenile's right to due process.

■ The Texas Rules of Civil Procedure apply to all civil proceedings except as otherwise provided by statute. TEX.R.CIV.EVID. 101(b). The Family Code permits the juvenile court in a transfer hearing to consider evidence upon which the grand jury might return an indictment. TEX.FAM.CODE § 54.02(f)(3) (1986)[1]; *In re G.F.O.*, 874

---

1. Section 54.02(f)(3) of the Family Code provides that, in making the determination of whether to

waive its exclusive original jurisdiction and transfer the juvenile to criminal court, the trial

S.W.2d 729, 731 (Tex.App.—Houston [1st Dist.] 1994, no writ). A grand jury may consider evidence that is incompetent and inadmissible. *United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408–09, 100 L.Ed. 397 (1956); *G.F.O.*, 874 S.W.2d at 731.

The appellant contends the practice of admitting hearsay evidence in a transfer hearing violates his rights to due process and fundamental fairness. In *Kent v. United States*, 383 U.S. 541, 560–62, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966), the United States Supreme Court recognized the determination of whether to certify a juvenile for trial as an adult is a critically important proceeding that requires due process and fair treatment. However, the court also said it is not necessary for the hearing to conform with all of the requirements of a criminal trial or even of the usual administrative hearing. 383 U.S. at 562; 86 S.Ct. at 1057. We have addressed this issue and have held the juvenile court may consider hearsay evidence at a juvenile transfer proceeding. *See G.B.B.*, 638 S.W.2d at 164 (hearsay evidence did not violate defendant's right to confront witnesses); *see also G.R.L. v. State*, 581 S.W.2d 536, 538 (Tex.App.—Dallas 1979, no writ) (admission of hearsay evidence did not violate defendant's right to confront his accusers nor right to due process). Therefore, we hold the appellant's constitutional rights were not violated by the admission of hearsay evidence in this case.

We overrule point of error two.

We affirm the judgment of the juvenile court.

court shall consider whether there is evidence on which a grand jury may be expected to return an indictment. Effective January 1, 1996, this section has been deleted from the Family Code. Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 34(f), 1995 Tex.Sess.Law Serv. 2517, 2533. However, section 54.02(f)(3) is applicable to this case because the conduct in question occurred before January 1, 1996. We do not address at this time what effect the deletion of section 54.02(f)(3) will have on the admissibility of evidence in future transfer proceedings.