**In the Matter of B.N.E.**

**No. 01–95–01101–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 1996.

**272**

Brian J. Fischer, Houston, for appellant.

John B. Holems, Jr., Carol M. Cameron, Houston, for appellee.

Before O'CONNOR, HUTSON-DUNN and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the juvenile court's order waiving jurisdiction over the appellant and transferring her to the criminal district court for criminal proceedings. The appellant, B.N.E., was charged by petition in the juvenile court with delinquent conduct, *i.e.*, aggravated robbery and robbery.[1] The juvenile court waived its jurisdiction and transferred her for trial as an adult in the criminal district court. In three points of error, the appellant contends the juvenile court erred in waiving its jurisdiction. We affirm.

### Right to Present Evidence

In point of error one, the appellant challenges the juvenile court's refusal to allow the appellant to present alibi witnesses. A summary of the certification hearing is necessary to understand this point of error.

Officer John Michael Rivera of the Houston Police Department was the only witness to testify for the State. Officer Rivera was assigned to investigate two robberies or aggravated robberies that occurred on the evening of March 8, 1995, and in which the appellant was a suspect.

Officer Rivera testified as follows. The robberies occurred within a three-hour span. The police reports showed that Jose Pacheco, one of the victims, linked the robber with apartment 240 in the complex where Pacheco was robbed. Officer Rivera contacted the manager of the complex and gave her a physical description of the robber. In response to the description, the manager gave Officer Rivera the appellant's name. The manager said the appellant often visited her grandmother, who was a resident at the complex. The manager said she had heard the appellant was carrying a gun and was threatening some of the Hispanic people living in the complex. From this information, police located and arrested the appellant. Officer Rivera testified the police report shows the appellant attempted to climb out a second-story window when the officers went to the front door of her grandmother's apartment to execute the arrest.

During his investigation, Officer Rivera interviewed Pacheco and Roberto Padilla, the victims of the two charged offenses. Officer Rivera prepared a photo spread with the appellant's picture, and both Padilla and Pacheco identified the appellant's picture as the person who robbed them. Officer Rivera testified about what Padilla and Pacheco told him during their interviews.

Padilla told Officer Rivera that, at about 8:15 p.m., he was driving down the road when a man stepped off the curb and in front

---

1. The State originally alleged in its delinquency petition that the appellant had committed two aggravated robberies. The trial court, upon motion by the State, later reduced the second paragraph in the petition from aggravated robbery to robbery.

of his car. Padilla had to stop to avoid hitting the man. The man opened the passenger door in Padilla's truck, and the appellant, who is a female, opened the driver's door. The appellant placed a gun to Padilla's ribs, and the man demanded all of Padilla's money. Padilla gave the man all the money that he had in his pocket. The man said, "Red, I've got the money," and walked away. The appellant asked for more money. When Padilla said he had no more money, the appellant moved the gun from his rib cage and placed it to his head. Padilla could see the appellant was pulling the trigger on the gun. He ducked his head toward the steering wheel as the appellant pulled the trigger. The bullet from the gun grazed Padilla's head. The appellant walked away and got into a car with the man.

Pacheco told Officer Rivera that, at about 11:15 p.m., he was walking to his apartment when the appellant approached him and grabbed him by his sweater. The appellant told Pacheco to give her his money. Pacheco refused, and the appellant started hitting him in the stomach and face with her fist. Two men ran up and assisted the appellant in assaulting Pacheco. The appellant took money from Pacheco's pants pocket while the two men were choking him. The appellant and the two men ran away. Pacheco went inside his apartment. A few minutes later, he heard a knock on the door. Pacheco's wife looked out the window, and saw the appellant standing outside with a pistol. She closed the blinds, and the appellant walked away.

After Officer Rivera finished testifying, the State rested. The court asked whether the defense had any witnesses, and the appellant said she had three or four witnesses. The following then occurred:

> [Assistant District Attorney (ADA)]: Does the Court—just briefly. I have an objection, Your Honor. If these witnesses are going to testify as to alibi, we take the position that alibi is in nature of defense. This is a probable cause hearing.
>
> The Court: I agree. Is that what this is about?

Defense Counsel: Yes, ma'am.

> The Court: I'm not going to allow you to put on alibi witnesses.... [T]he State has put on a prima facie case; and I'm not going to allow you to go into alibi witnesses. And I think one of the criteria, the main criteria, is whether or not there's been sufficient evidence presented that you could expect a grand jury to indict. A grand jury does not hear alibi witnesses.

The appellant contends the juvenile court's refusal of her alibi witnesses violated her rights under the United States and Texas Constitutions. *See* U.S. CONST. amend. 5, 6; TEX. CONST. art. 1, § 10. The State responds the appellant waived error by not specifically objecting in the juvenile court, and the appellant's contention on appeal does not comport with her general objection at the transfer hearing. The State also contends the juvenile court's ruling was not wrong because alibi evidence is a defensive matter that is outside the scope of determining probable cause in a juvenile certification hearing.[2]

■ We disagree with the State that the appellant waived point of error one. The appellant presented three alibi witnesses at the certification hearing, and the State objected. The juvenile court sustained the State's objection. The appellant did not have to except to the juvenile court's ruling to contend on appeal the ruling was wrong. TEX.R.APP. P. 52(a). Once the juvenile court excluded the appellant's evidence, her only burden to preserve error on appeal was to make an offer of proof. TEX.R.CRIM. EVID. 103(a)(2), (b); TEX.R.APP. P. 52(b). The appellant made an offer of proof by summarizing the testimony of her alibi witnesses.

We now consider point of error one on its merits. The appellant relies on one case to support her position. *See Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In *Kent*, the Supreme Court recognized the determination of whether to certify a juvenile for trial as an adult is a critically important proceeding that requires due process and fair treatment. 383

---

**2.** Evidence of alibi is a defense to the State's case. *Miller v. State*, 660 S.W.2d 95, 97 (Tex. Crim.App.1983). Alibi evidence tends to dis- prove one essential element of the State's case, *i.e.*, the presence of the accused at the place and time of the alleged crime. *Id.* at 96.

U.S. at 560–62, 86 S.Ct. at 1057. However, the Court also said it is not necessary for the hearing to conform with all the requirements of a criminal trial or even of the usual administrative hearing. 383 U.S. at 562, 86 S.Ct. at 1057; *see also In re E.D.M.*, 916 S.W.2d 9, 12 (Tex.App.—Houston [1st Dist.] 1995, no writ) (discussion of *Kent*).

■ A hearing at which the juvenile court decides whether to waive jurisdiction is a dispositional hearing rather than a hearing to determine the juvenile's guilt or innocence. *E.D.M.*, 916 S.W.2d at 11. However, the Family Code requires a juvenile court to find probable cause that the juvenile committed the offense alleged before transferring the juvenile to the criminal district court.[3] Probable cause exists to believe an accused committed an offense when the facts and circumstances derived from personal knowledge and reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing, more likely than not, that the accused committed the offense. *Castillo v. State*, 818 S.W.2d 803, 805 n. 4 (Tex.Crim. App.1991); *Simpson v. State*, 886 S.W.2d 449, 454 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (defining probable cause to justify warrantless arrest).

■ In determining probable cause under the law applicable to this case, a juvenile court in a transfer hearing may consider evidence upon which the grand jury might return an indictment.[4] *E.D.M.*, 916 S.W.2d at 11; *In re G.F.O.*, 874 S.W.2d 729, 731 (Tex.App.—Houston [1st Dist.] 1994, no writ). A grand jury is not bound by rules of evidence in deciding whether to return an indictment. *E.D.M.*, 916 S.W.2d at 12 (grand jury may consider evidence that is incompetent and inadmissible); *G.F.O.*, 874 S.W.2d at 731 (same). The grand jury, not the defense

attorney, is empowered with authority to call witnesses and to inquire into offenses liable to indictment. Tex.Code Crim. Proc. arts. 20.09–.11 (1977); *Wooldridge v. State*, 653 S.W.2d 811, 814 (Tex.Crim.App.1983). The grand jurors and the State, not the defense attorney, question the witnesses before the grand jury. Tex.Code Crim. Proc. art. 20.04 (1996). An indictment is not invalid when based solely on evidence presented to the grand jury by the district attorney. *Tarpley v. State*, 565 S.W.2d 525, 532 (Tex.Crim.App. 1978).

In this case, the State did not have to prove the appellant's guilt. Because a transfer hearing is dispositional in nature, the State only had to produce evidence from which the juvenile court could reasonably conclude the appellant committed the charged offenses. Based on the State's evidence, the juvenile court was satisfied the State had established probable cause and further evidence was unnecessary.

Had the appellant's alibi witnesses been permitted to testify, the juvenile court was at liberty to disregard their testimony if it did not believe the alibi witnesses. An appellate court does not conduct a de novo review of a trial court's probable cause determination. *State v. Carter*, 915 S.W.2d 501, 504 (Tex. Crim.App.1996). As long as there is a substantial basis in the record to support the trial court's ruling, it is immune from appellate reversal. *Id.*; *Magic v. State*, 878 S.W.2d 309, 312 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (warrantless arrest case).

■ The appellant does not argue Officer Rivera's testimony was insufficient to establish probable cause. We conclude Officer Rivera's testimony was sufficient to establish probable cause to believe the appellant com-

---

3. Act of May 8, 1987, 70th Leg., R.S., ch. 140, § 1, 1987 Tex. Gen. Laws 309, 309, *amended by* Act of May 27, 1995, 74th Leg. R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533 (current version at Tex. Fam.Code § 54.02(a)(3) (1996)).

4. Section 54.02(f)(3) of the Family Code provided that, in making the determination of whether to waive its exclusive original jurisdiction and transfer the juvenile to criminal court, the trial court shall consider whether there is evidence on which a grand jury may be expected to return an

indictment. Act of May 26, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1477 (current version at Tex. Fam.Code § 54.02(f) (1996)). Effective January 1, 1996, this section has been deleted from the Family Code. Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 34(f), 1995 Tex. Gen. Laws 2517, 2533. However, section 54.02(f)(3) is applicable to this case because the charged offense occurred before the effective date.

mitted the offenses alleged. Officer Rivera testified the appellant was arrested based on information provided by Pacheco and the apartment manager. After the appellant was arrested, Padilla and Pacheco independently identified the appellant in a photo spread as the robber.

■ Although Officer Rivera's testimony was based on informants, the sources of the testimony were the victims who witnessed the offenses. A trial court is entitled to rely on source information supplied by an average citizen because, unlike many police informants, an average citizen is less likely to produce false information. *Johnson v. State*, 803 S.W.2d 272, 289 (Tex.Crim.App.1990), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 685 n. 6, 690 (Tex. Crim.App.1991). Where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. *Tribble v. State*, 792 S.W.2d 280, 284 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

We hold the juvenile court was not required to receive the appellant's alibi evidence because probable cause had been established to its satisfaction. However, we do not hold that defendants are always precluded from offering rebuttal evidence to evidence of probable cause.

We overrule point of error one.

### Offer of Proof

In point of error two, the appellant contends the juvenile court erred by refusing to let the appellant make an offer of proof after the juvenile court had ruled the appellant's alibi witnesses could not testify. The juvenile court allowed the appellant to make an offer of proof in which she summarized the testimony of her alibi witnesses. The appellant summarized the testimony as follows:

[W]e would … offer alibi testimony as to the whereabouts and location of [the appellant] … encompassing specifically the time frame in which this Officer Rivera testified that two aggravated robberies took place … [T]hat testimony would reflect that she was with [the alibi witnesses] at that time during the course of both of the alleged robberies.

The appellant asked to make an offer of proof in question and answer form, but the juvenile court denied the request. Later in the certification hearing, the appellant made a second offer in which she summarized the alibi testimony in more detail. However, the juvenile court still would not let the appellant make her offer in question and answer form.

■ The State responds by arguing the appellant waived her point of error. The State contends the appellant did not specifically object in the juvenile court, and her point of error on appeal is not consistent with her general objection. We disagree. When the juvenile court sustained the State's objection to the appellant's alibi witnesses, the appellant attempted to make an offer of proof and told the court she had a right to choose between summarizing the testimony or calling the actual witnesses. The juvenile court disagreed and would only let the appellant make her offer by summarizing the testimony. We hold the appellant preserved error.

■ We now consider point of error two on the merits. The appellant contends she had a right under the Texas Rules of Civil Procedure to make an offer of proof in question and answer form. Under the law applicable to this case, which is the former version of TEX. FAM.CODE § 51.17, the Texas Rules of Civil Procedure were the only rules that governed juvenile certification proceedings.[5] The statute provided that the rules of civil procedure governed juvenile proceedings except when in conflict with another provision

---

5. Act of May 26, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1469, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 14, 1995 Tex. Gen. Laws 2517, 2524 (current version at TEX. FAM.CODE § 51.17 (1996)). The 1995 amendment to section 51.17 provides that

other rules also apply to juvenile certification proceedings, such as the Texas Rules of Criminal Evidence and, in certain instances, the Code of Criminal Procedure. The amendment was not effective until January 1, 1996, which was after the date of the charged offense.

of title three of the Family Code.[6] We find no provision in the rules of civil procedure or the Family Code, and the appellant cites none, that addresses a litigant's right to make an offer of proof or a bill of exceptions. All of the rules that deal with this right are contained in the rules of evidence and appellate procedure. *See* Tex.R. Civ. Evid. 103(b); Tex.R.Crim. Evid. 103(b); Tex.R.App. P. 52(b),(c).[7]

For the same reasons stated in point of error one, we hold the juvenile court, sitting as if it were the grand jury, did not have to permit the appellant to make her offer of proof in question and answer form. After hearing the State's witness and a summary of the appellant's alibi testimony, the court determined the State had established probable cause to believe the appellant committed the charged offense. Having made this determination, the court was not required to hear the actual testimony of the alibi witnesses, whether directly or during an offer of proof in question and answer form.

We overrule point of error two.

### Evidentiary Standards

 In point of error three, the appellant contends the absence of an evidentiary standard as to the admissibility of evidence rendered her transfer hearing unconstitutional. The appellant objected to Officer Rivera's testimony regarding Padilla's statements on the basis of hearsay. The juvenile court overruled the objection. The appellant objected to the admission of the photo spread on the ground the State did not authenticate it properly. The juvenile court overruled the objection.

This Court has considered complaints of this nature in the past. As stated, the version of the Family Code applicable to this case permits the juvenile court in a transfer hearing to consider evidence upon which the grand jury might return an indictment.[8]

*E.D.M.,* 916 S.W.2d at 10; *G.F.O.,* 874 S.W.2d at 731. A grand jury may consider evidence that is incompetent and inadmissible. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408–09, 100 L.Ed. 397 (1956); *E.D.M.,* 916 S.W.2d at 12; *G.F.O.,* 874 S.W.2d at 731.

We hold the juvenile court did not err by considering evidence that might not be admissible in a criminal trial.

We overrule point of error three.

We affirm the judgment of the trial court.

---

6. Act of May 26, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1469 (amended 1995) (current version at Tex. Fam.Code § 51.17 (1996)).

7. Each of these rules provides that, at the request of a party, the trial court must direct the making of an offer of proof in question and answer form. Tex R. Civ. Evid. 103(b); Tex.R.Crim. Evid. 103(b); Tex.R.App. P. 52(b).

8. Act of May 25, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1477 (repealed).