

# NUMBER 13-10-00326-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**CHRISTUS HEALTH,**                                   **Appellant,**

**v.**

**ROSALINDA RAGSDALE,**                            **Appellee.**

_____

**On appeal from the 319th District Court
of Nueces County, Texas**

_____

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Perkes**

Rosalinda Ragsdale, Appellee ("Ragsdale") filed suit against CHRISTUS Spohn Health System Corporation ("CHRISTUS Spohn") to recover for injuries she suffered while working as a nurse at CHRISTUS Spohn Hospital Corpus Christi—Memorial. During arbitration, CHRISTUS Health appeared, and stated there was a misnomer and that it was the correct party. Based upon that and other representations, the arbitrator

entered an award in the sum of $348,843.00 in damages against CHRISTUS Health.[1] The trial court confirmed the arbitration award. By one issue, CHRISTUS Health argues that the trial court erred in granting Ragsdale's motion to confirm the arbitration award. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ragsdale worked as a nurse at CHRISTUS Spohn Hospital Corpus Christi—Memorial in Corpus Christi, Texas, where she sustained an on-the-job injury. On June 20, 2008, Ragsdale sued CHRISTUS Spohn in the trial court for her injuries. On July 24, 2008, CHRISTUS Spohn filed its original answer, subject to its motion to compel arbitration. The parties subsequently agreed to arbitrate. On September 28, 2008, the trial court granted the parties' agreed motion to abate.[2] On June 4-5, 2009, an evidentiary hearing was held in the arbitration. During the arbitration, CHRISTUS Health's counsel stated that a "misnomer" of CHRISTUS Health's name existed, but that it ". . . makes no difference in terms of the coverage of the claim or anything at all . . . and it has no bearing whatsoever on any of the substantive issues in the case here," and that the parties would correct it by agreement.[3] The parties thereafter entered into a written stipulation which stated:

---

[1] During arbitration, Ragsdale agreed to dismiss all of her claims against CHRISTUS Spohn, based upon CHRISTUS Health's representations that it was the proper party and substituting it for CHRISTUS Spohn was inconsequential. Ragsdale's "Motion to Confirm Arbitration Award" is styled only in the name of CHRISTUS Health and only seeks relief against CHRISTUS Health. CHRISTUS Spohn is neither mentioned in the motion or the final judgment (order confirming award).

[2] The motion generally sought abatement of the proceedings while the parties proceeded to arbitration under the terms of the Texas Occupational Injury Assistance Plan (the Plan). The agreed order states in pertinent part: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is abated while the case proceeds to arbitration, as agreed to by the parties."

[3] After the arbitrator's award was entered, CHRISTUS Health began arguing that Ragsdale's suit against CHRISTUS Spohn instead of CHRISTUS Health was a misidentification instead of a misnomer, and that it was not a party to the Nueces County proceeding.

2

The parties acknowledge that the parties are not properly named under the current arbitration pleadings. Thus, the parties have agreed to stipulate that the properly named parties are Claimant, Rosalinda Ragsdale and Respondent, CHRISTUS Health. In so doing, the parties also agree that claims against the improperly named party, Respondent CHRISTUS Spohn Health System d/b/a CHRISTUS Spohn Hospital Corpus Christi—Shoreline, are dismissed with prejudice. The parties request that the Arbitrator take whatever steps are necessary to effectuate the proper naming of parties and the dismissal.[4]

On September 16, 2009, the arbitrator entered an award in favor of Ragsdale and against CHRISTUS Health in the amount of $343,843.00, plus costs. In its award, the arbitrator stated:

It is further ordered, pursuant to the agreed stipulation of the parties, that name of the Claimant is Rosalina [sic] Ragsdale and the correct name of the Respondent is CHRISTUS Health. Pursuant to the parties' agreement the claims against the improperly named party, CHRISTUS Spohn Health Stytem [sic] d/b/a CHRISTUS Spohn Hospital Corpus Christi—Shoreline are dismissed with prejudice.

On December 22, 2009, CHRISTUS Health, ignoring the Nueces County lawsuit, filed a new lawsuit in Harris County, seeking to vacate the arbitration award. Ragsdale challenged venue. On April 22, 2010, the Harris County district court issued an order denying Ragsdale's motion to transfer venue, but also stated:

[a motion to transfer venue] is not the appropriate procedural motion under the facts and circumstances described by the parties in this case. The Court further finds that the proper procedural motion would instead be a plea in abatement. It is the Court's intention to grant such a plea should it be later be [sic] requested by any party. This would permit the 319th District Court of Nueces County, Texas, (in Cause Number 08-3021-G) to proceed regarding all matters concerning the arbitration made the basis of this suit.

---

[4] During oral argument, CHRISTUS Health's counsel stated that: "I was present at the arbitration along with another counsel . . . there is no question of authority. We're not contesting the authority of anyone. There were proper representatives at the arbitration. I do not disavow the statement nor do I challenge the section of the record appellee has submitted …."

The Harris County district court subsequently abated CHRISTUS Health's lawsuit based upon an agreement of the parties.

Meanwhile, on March 5, 2010, Ragsdale filed a motion to confirm the arbitration award in the pending Nueces County lawsuit and obtained a May 17, 2010 hearing date. On May 13, 2010, CHRISTUS Health filed a motion to transfer venue. On May 14, 2010, CHRISTUS Health filed a motion for continuance, and CHRISTUS Spohn filed an objection to Ragsdale's motion to confirm the arbitration award and, in the alternative, motion to dismiss. On May 17, 2010, the trial court held a hearing and entered an order confirming the arbitration award and final judgment. This appeal followed.[5]

## II. ISSUE PRESENTED

By a single issue, CHRISTUS Health argues the trial court erred by granting Ragsdale's motion to confirm the arbitration award. It asserts four sub-issues in support of its argument: (1) whether the trial court had jurisdiction to enter a judgment against CHRISTUS Health; (2) whether the trial court should have deferred to the Harris County district court; (3) whether the trial court erred by refusing to grant a hearing on CHRISTUS Health's motion to transfer venue; and (4) whether the trial court abused its discretion in denying CHRISTUS Health's motion for continuance.

---

[5] CHRISTUS Spohn did not file a notice of appeal and is not a party to this appeal. The trial court's order included language that "This judgment is final, disposes of all claims and parties. All relief requested that is not expressly granted is denied." As such, the order effectively dismissed CHRISTUS Spohn from this lawsuit. *See Moritz v. Preiss*, 121 S.W.3d 715, 718–19 (Tex. 2003); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (presumption of finality).

4

### III. ANALYSIS

## A.      Jurisdiction Over CHRISTUS Health

In its first sub-issue, CHRISTUS Health argues that the trial court was without jurisdiction to render a judgment against CHRISTUS Health because it was neither named as a party nor served as a party in the Nueces County lawsuit.  It further argues that it is a separate corporation from CHRISTUS Spohn and that the two entities cannot be legally interchanged, and that it was fundamental error for the trial court to render judgment against a party not before it.

To render a binding judgment, a court must have both subject matter jurisdiction over the controversy and personal jurisdiction over the parties. *See Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010) (special appearance).[6]  Whether a court has personal jurisdiction over a defendant is determined as a matter of law, which appellate courts review de novo. *Id.*  When, as here, a trial court does not issue findings of fact or conclusions of law regarding its determination, we presume that all factual disputes were resolved in favor of the trial court's ruling. *Id.* at 872–73.

Under the Federal Arbitration Act ("FAA"), a state court can exercise jurisdiction to confirm an arbitration award as long as doing so is consistent with the parties' arbitration agreement. *See* 9 U.S.C.A. § 9 (2009); *Palisades Acquisitions XVI, LLC v. Chatman*, 288 S.W.3d 552, 556 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Here, the parties do not contend confirmation in state court is inconsistent with their arbitration agreement—they argue which state court was the proper forum for the confirmation hearing.  Under the FAA, a state court that exercised its jurisdiction to compel arbitration

---

[6] CHRISTUS Health does not challenge subject matter jurisdiction, though it generally asserts the trial court did not have jurisdiction over it.  CHRISTUS Health has not filed a special appearance; a special appearance is not available for a resident of this State.  *See* TEX. R. CIV. P. 120a.

of a dispute under the FAA retains jurisdiction to confirm the arbitrator's award in the same dispute. *See generally*, *Chatman*, 288 S.W.3d at 555–56 (discussing scope of state courts' jurisdiction to confirm arbitration awards under the FAA); *Credigy Receivables, Inc. v. Mahinay*, 288 S.W.3d 565, 567–68 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (same); *Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co.*, 258 F. Supp. 1005, 1009–12 (S.D. Cal. 1966) (concluding provisions vesting jurisdiction in federal court on filing of an application to confirm an arbitration award do not contemplate situation wherein jurisdiction over the case vested in state court that considered and ruled on initial proceedings).

Here, the application to compel arbitration was filed in the Nueces County district court where Ragsdale's lawsuit was pending. The trial court compelled arbitration and its abatement order only abated Ragsdale's suit "while the case proceeds to arbitration." By the plain terms of the abatement order, the case was no longer abated once arbitration was concluded. Because the award which Ragsdale sought to confirm involved the same dispute as the lawsuit she initially filed in Nueces County, and because the motion to compel arbitration was made in the Nueces County district court, it was proper for the trial court to confirm the arbitration award.

To the extent CHRISTUS Health's jurisdiction complaint is premised on traditional notions of personal jurisdiction, we observe the following. After the arbitration award was delivered, Ragsdale named CHRISTUS Health in her motion to confirm the arbitration award. CHRISTUS Health thereafter filed both CHRISTUS Health's motion to transfer venue and its motion for continuance on [Ragsdale's] motion to confirm arbitration award in the trial court. No new service was required because CHRISTUS

6

Health made a general appearance by filing motions in the trial court, and thereby submitted itself to the personal jurisdiction of the trial court. *See* TEX. R. CIV. P. 121; *see also Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (holding letter to court constituted an answer); *Torres v. Johnson*, 91 S.W.3d 905, 910 (Tex. App.—Fort Worth 2002, no writ) (concluding party appeared in case by moving for summary judgment); *Fridl v. Cook*, 908 S.W.2d 507, 515 (Tex. App.—El Paso 1995, writ dism'd w.o.j.) (interpreting party's moving to compel arbitration and stay litigation as a general appearance). In addition, CHRISTUS Health's attorney announced during the hearing that he was appearing both on behalf of CHRISTUS Spohn and CHRISTUS Health at the hearing on Ragsdale's motion to confirm the arbitration award, and he thereafter argued for and sought relief on behalf of CHRISTUS Health. When a defendant's attorney enters an appearance in open court, such appearance shall have the same force and effect as if the citation had been duly issued and served as provided by law.[7] TEX. R. CIV. P. 120. Any defect in service is cured by a general appearance. *See Baker v. Monsanto Co.*, 111 S.W.3d 158, 160–61 (Tex. 2003). CHRISTUS Health's first sub-issue is overruled.

## B. Dominant Jurisdiction

In its second sub-issue, CHRISTUS Health argues that the Nueces County district court erred in failing to defer to the case it filed in Harris County, which it considers the

---

[7] Estoppel also should be noted with respect to the arbitration and confirmation proceedings. A party cannot complain on appeal the trial court took a specific action the complaining party requested. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). "The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009). The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant." *Spence v. State National Bank*, 5 S.W.2d 754, 756 (Tex. 1928); *Wackenhut Correctional Corp. v. De La Rosa,* 305 S.W.3d 594, 624 (Tex. App.—Corpus Christi 2009, no pet.).

7

first filed matter. CHRISTUS Health argues that since it was not originally named as a party in the Nueces County lawsuit, that the Harris County lawsuit it filed after the arbitration proceedings was the first lawsuit to be filed and thus obtained dominant jurisdiction. We disagree.

Dominant jurisdiction excludes other courts from exercising jurisdiction over the same case. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1997). The long-standing Texas common law rule is that the first court to acquire jurisdiction over the subject matter and the parties of a controversy has dominant jurisdiction over all other courts. *Joe Williamson Constr. Co. v. Raymondville Indep. Sch. Dist.,* 251 S.W.3d 800, 805 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Cleveland v. Ward,* 285 S.W. 1063, 1070 (Tex. 1926) (applying dominant-jurisdiction rule in the arbitration context); *see also BHP Billiton Petroleum (Americas), Inc. v. Atlanta Offshore Ltd.*, 312 S.W.3d 813, 821 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (applying dominant-jurisdiction rule in the arbitration context). Where jurisdiction has attached, the district court has the power to permit the pleadings to be amended, new parties to be added, to determine all essential questions, and to do anything with reference thereto authorized by law. *Williamson Construction Co.,* 251 S.W.3d at 805; *San Miguel v. Bellows,* 35 S.W.3d 702, 704 (Tex. App.—Corpus Christi 2000, pet. denied).

The Nueces County district court had jurisdiction over both the subject matter and the parties in this lawsuit, and thereby obtained dominant jurisdiction over this matter. The record shows the Nueces County lawsuit was filed in the trial court on June 20, 2008, whereas the Harris County lawsuit was not filed until December 22, 2009. The fact CHRISTUS Health was arguably not actually named in the Nueces County

lawsuit until after CHRISTUS Health had filed its own lawsuit in Harris County is irrelevant. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) (explaining that for dominant jurisdiction to attach, it is not necessary that all parties be included in the first action before the second is filed). The question of dominant jurisdiction is based upon whether the first court had jurisdiction over both the subject matter and the parties in the first lawsuit. Upon that event, the court obtains dominant jurisdiction over the matter, and the pleadings can be amended, new parties can be added, and the court is authorized to determine all essential questions and perform any act permitted by law. *See id.*

In this case, the Nueces County and Harris County lawsuits involve the identical subject matter—recovery of damages by Ragsdale for an injury sustained while working as a nurse at CHRISTUS Spohn Hospital Corpus Christi—Memorial in Corpus Christi, Texas. Further, CHRISTUS Health has not challenged the trial court's jurisdiction over CHRISTUS Spohn in this lawsuit. The fact that CHRISTUS Health was later added into the lawsuit does not affect the trial court's jurisdiction. We also note that principles of equity estop CHRISTUS Health from disputing the trial court's dominant jurisdiction in this case because of its stipulation and representation in the arbitration proceeding that changing the name of the party defendant made "no difference" to "anything at all." *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995) (recognizing exception to rule of dominant jurisdiction when a party engages in inequitable conduct that estops it from asserting prior active jurisdiction). CHRISTUS Health's second sub-issue is overruled.

9

### C. Request for Hearing on Motion to Transfer Venue

By its third sub-issue, CHRISTUS Health claims that the trial court erred in refusing its request for a venue hearing prior to ruling on Ragsdale's motion to confirm the arbitration award. We disagree. We review a trial court's denial of a request for a hearing on a motion to transfer venue for an abuse of discretion. *See Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 408 (Tex. App.—Houston [14th Dist.] 2004, no pet.). At the end of the confirmation hearing, the following dialogue occurred as the trial was working on its judgment:

| | |
|---|---|
| CHRISTUS Counsel: | Respectfully, Your Honor, if I could be allowed, just so there's no question of preservation. We timely filed a motion for — to transfer venue prior to this hearing as a first filed. I'm not 100 percent sure we filed a request for hearing on that motion, if I may be allowed here today to formally make that request for a hearing if that was not implicit in my argument, so that we have a record that we not only filed the motion but made a request for hearing before this judgment was signed. |
| Court: | All right. Sure. |

* * * * *

| | |
|---|---|
| CHRISTUS Counsel: | And again, specifically for the record, my request for a hearing on my venue motion is also denied, Your Honor? |
| Court: | Yes . . . . |

In its motion to transfer venue, CHRISTUS Health states the motion is filed under rule 86 of the Texas Rule of Civil Procedure. *See* Tex. R. Civ. P. 86. Assuming without deciding rule 86 applies in this context, rule 87 provides "[e]xcept on leave of court, each party is entitled to at least 45 days notice of a hearing on the motion to transfer

10

[venue]." *See* Id. at R. 87. A party filing a venue motion has the burden to diligently request a setting on the motion and to obtain a ruling prior to a trial on the merits. *See* TEX. R. CIV. P. 87(1); *Carlile*, 138 S.W.3d at 408; *Cliff Jones, Inc. v. Ledbetter,* 896 S.W.2d 417, 418 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Whitworth v. Kuhn,* 734 S.W.2d 108, 111 (Tex. App.—Austin 1987, no writ). A delay in obtaining a hearing can provide a basis for the trial court to deny a venue motion. *See Bristol v. Placid Oil Co.,* 74 S.W.3d 156, 160 (Tex. App.—Amarillo 2002, no pet.).

The record shows Ragsdale filed her motion to confirm on March 5, 2010. CHRISTUS Health filed its motion to transfer venue at 4:29 p.m. on May 13, 2010, the Thursday[8] before the May 17th hearing on Ragsdale's confirmation motion. Although CHRISTUS Health states in its subsequent motion for a continuance that it requested a hearing on is motion to transfer venue, neither the venue motion nor the appellate record show any request for a hearing on the motion to transfer venue prior to the confirmation hearing. Rather, the record shows CHRISTUS Health requested a hearing on its motion to transfer venue at the end of the confirmation hearing as the trial court was literally writing in missing information to complete its judgment in this case.[9]

In light of CHRISTUS Health's delay in requesting a venue hearing, we conclude the trial court did not abuse its discretion in denying its request for a hearing on its motion to transfer venue. *See Ledbetter,* 896 S.W.2d at 418–19. We overrule appellant's third sub-issue.

---

[8] We hereby take judicial notice that May 13, 2010 was a Thursday and that, May 17, 2010, was a Monday. *See e.g.*, *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 229 n.6 (Tex. 2008) (orig. proceeding) (taking judicial notice *sua sponte* that trial judge had been replaced by election during pendency of mandamus case).

[9] CHRISTUS Spohn did not file a motion to transfer venue and never challenged venue in the Nueces County lawsuit.

### D. Motion for Continuance

By its fourth sub-issue, CHRISTUS Health argues that the trial court abused its discretion in denying its motion for continuance. We disagree. We review a trial court's denial of a motion for continuance under an abuse-of-discretion standard. *See Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 685 (Tex. 2002). CHRISTUS Health's motion for continuance was filed Friday, May 14, 2010, at 4:33 p.m. The confirmation hearing occurred on the following Monday, May 17, 2010, and the record is silent concerning any request for a hearing on that motion.

Texas courts applying the FAA follow Texas rather than federal procedure. *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding). Nevertheless, it is important for federal and state law to be as consistent as possible, because federal and state courts have concurrent jurisdiction to enforce the FAA. *See id.* Section 6 of the FAA provides that an application to confirm an arbitration award shall be heard in the manner and with the notice required for making and hearing a motion filed in a pending civil action in district court. *See* 9 U.S.C. § 6. The purpose of this rule is to expedite judicial handling of matters pertaining to arbitration. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. ref'd).

CHRISTUS Health filed its motion for continuance under rule 251 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 251. Rule 251 provides a continuance shall only be granted on "sufficient cause supported by affidavit." *Id.* Whether a party delayed unreasonably in bringing its motion for continuance is a factor a reviewing court may consider in determining whether a trial court abused its discretion in denying a motion for continuance. *Beutel v. Dallas County Flood Control Dist, No. 1*, 916 S.W.2d

12

685, 693 (Tex. App.—Waco 1996, writ denied) (holding trial court did not abuse its discretion in denying motion for continuance filed one week before trial when motion could have been brought several months earlier).

CHRISTUS Health sought a continuance of the confirmation hearing on four grounds: (1) CHRISTUS Health had not appeared in the Nueces County lawsuit prior to filing its motion to transfer venue and therefore did not consider itself a party in the Nueces County lawsuit; (2) CHRISTUS Health believed the Nueces County lawsuit was still abated; (3) CHRISTUS Health desired a ruling on its motion to transfer venue prior to the confirmation hearing; and (4) CHRISTUS Health's suit in Harris County which it claimed was first-filed was still pending, though an abatement order was forthcoming. In the motion for continuance, CHRISTUS Health states that Ragsdale's motion to abate the Harris County proceeding was pending in Harris County district court and set for hearing on June 11, 2010. The transcript of the confirmation hearing shows that by the time of the confirmation hearing, the parties knew the case in Harris County would in all likelihood be abated.

Assuming without deciding rule 251 applies in this context, in light of congressional intent that arbitration proceedings be expedited and that confirmation hearings follow civil motions practice, we hold that under the facts of this case, the trial court's denial of CHRISTUS Health's motion for a continuance was not an abuse of discretion. *See* 9 U.S.C. § 6; *Hazar*, 124 S.W.3d at 430. As set forth above in this opinion, each of CHRISTUS Health's grounds for seeking a continuance lacks merit, and its motion for continuance was filed on the eve of the confirmation hearing, when it

13

could have been filed at least two months earlier.   *See* T<small>EX</small>. R. C<small>IV</small>. P. 251; *Beutel*, 916 S.W.2d at 693.  We overrule appellant's fourth sub-issue.

## IV. CONCLUSION

Having overruled CHRISTUS Health's sole issue on appeal, including all sub-issues, we affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Delivered and filed the
31st day of August 2011.