

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00010-CV

---

**IN THE MATTER OF R.D.G., JR., APPELLANT**

---

On Appeal from the County Court at Law No. 1
Hays County, Texas[1]
Trial Court No. 5440, Honorable David Junkin, Presiding

---

January 26, 2022

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Appellant, R.D.G., Jr.,[2] appeals the juvenile court's waiver of jurisdiction and transfer to a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02. R.D.G., Jr., asserts that the trial court erred in admitting out-of-court statements at the transfer hearing. We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] We use aliases to protect the identity of the minors involved. *See* TEX. R. APP. P. 9.8(c).

Background

R.D.G., Jr., was charged with five counts of aggravated sexual assault of a child, all first-degree felonies. The offenses were alleged to have occurred when R.D.G., Jr., was between fourteen and seventeen years of age. He was charged in 2020, when he was twenty-two years of age. The State filed a petition seeking the juvenile court's waiver of jurisdiction and discretionary transfer to criminal court under Section 54.02(j) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.02(j); *In re A.M.*, 577 S.W.3d 653, 657-58 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (under certain circumstances, juvenile court may waive exclusive original jurisdiction and transfer proceeding).

San Marcos Police Department Detective Richard Prado was the sole witness at the hearing on the State's petition. He testified that he began an investigation after the father of the complainants, "Father," reported to him that his ex-wife, "Mother," told him that their daughters had made outcry statements to her. Both daughters alleged that they had been sexually assaulted by their stepbrother, R.D.G., Jr., when they were younger. Father and Mother then prepared written statements, which they brought to Detective Prado the next day. The police conducted forensic interviews of the complainants that afternoon. Detective Prado watched the interviews from an observation room. During their separate interviews, each complainant described multiple incidents of sexual offenses by R.D.G., Jr. After completing his investigation, Detective Prado obtained a directive to apprehend R.D.G., Jr., which he testified is the equivalent of an adult arrest warrant.

Following the hearing, the juvenile court waived its jurisdiction and transferred R.D.G., Jr., to the criminal district court for trial as an adult.

Analysis

In this appeal, R.D.G., Jr., asserts that the trial court erred by allowing the State to introduce hearsay statements at the hearing. His issue has two parts. In the first part, he contends that the trial court erred by allowing the statements made to Father to establish probable cause, when the statements did not qualify as excited utterances. In the second, he claims that the trial court erred by allowing testimony from Detective Prado. R.D.G., Jr., argues that these errors resulted in the trial court's improper waiver of jurisdiction. We consider his two complaints in turn.

R.D.G., Jr., first claims that the trial court erred by allowing Detective Prado to testify regarding statements made to him by Father, claiming that Father's statements were not admissible as excited utterances. See TEX. R. EVID. 803(2) (excited utterance exception to the rule against hearsay). We note that while R.D.G., Jr., casts this complaint as a dispute over the excited utterance exception, the record reflects that the trial court sustained R.D.G., Jr.'s, objection that the excited utterance exception did not apply to Father's statements. The trial court allowed Detective Prado to testify to the statements, but the testimony was admitted only as part of the court's probable-cause determination. We therefore consider Father's statements along with other statements complained of by R.D.G., Jr., on appeal.

The balance of R.D.G., Jr.'s argument concerns the admission of hearsay evidence from Detective Prado.[3] The State responds that such evidence is admissible at discretionary transfer hearings.

A transfer hearing is not a trial on the merits at which the guilt of the accused is to be decided; rather, the issue is whether probable cause exists to believe the juvenile committed the charged offense. *See* TEX. FAM. CODE ANN. § 54.02(a)(3). The juvenile court makes a probable cause determination in a non-adversarial preliminary hearing. *Id.*; *In re D.W.L.*, 828 S.W.2d 520, 524 (Tex. App.—Houston [14th Dist.] 1992, no writ). Numerous Texas courts have held that the juvenile court may use hearsay as well as written and oral testimony in determining probable cause. *In re D.W.L.*, 828 S.W.2d at 524; *Alford v. State*, 806 S.W.2d 581, 582 (Tex. App.—Dallas 1991)*, aff'd on other grounds*, 866 S.W.2d 619 (Tex. Crim. App. 1993) (en banc); *In re K.B.H.*, 913 S.W.2d 684, 687 (Tex. App.—Texarkana 1995, no pet.); *In re G.B.B.*, 638 S.W.2d 162, 164 (Tex. App.—Houston [1st Dist.] 1982, no writ); *In re P.A.C.*, 562 S.W.2d 913, 915-16 (Tex. Civ. App.—Amarillo 1978, no writ); *see also Milligan v. State*, No. 03-04-00531-CR, 2006 Tex. App. LEXIS 1356, at *11 (Tex. App.—Austin Feb. 16, 2006, pet. ref'd) (mem. op.) (recognizing that it "has been held that neither the Sixth Amendment nor the hearsay rule applies to a juvenile certification hearing" but not addressing issue). The Texas Family Code specifically authorizes the juvenile court to "consider written reports from probation officers, professional court employees, guardians ad litem [. . .], or professional consultants in addition to the testimony of witnesses" at transfer hearings. TEX. FAM.

---

[3] In his briefing, R.D.G., Jr., does not direct us to specific statements in the record, but rather complains generally about "the hearsay testimony of Detective Prado."

4

CODE ANN. § 54.02(e). Additionally, juvenile courts may rely on the testimony of law enforcement officers to support a probable-cause determination, including testimony regarding statements a complainant made to the officers. *See, e.g., In re D.I.R.*, No. 08-20-00178-CV, 2021 Tex. App. LEXIS 8249, at *15-16 (Tex. App.—El Paso Oct. 8, 2021, no pet.); *Price v. State*, No. 05-01-00854-CR, 2002 Tex. App. LEXIS 3913, at *8 (Tex. App.—Dallas May 20, 2002, no pet.); *In re B.N.E.*, 927 S.W.2d 271, 274-75 (Tex. App.—Houston [1st Dist.] 1996, no writ); *In re K.R.B.*, No. 04-95-00856-CV, 1996 Tex. App. LEXIS 3596, at *6-7 (Tex. App.—San Antonio Aug. 14, 1996, no writ); *In re R.G., Jr.*, 865 S.W.2d 504, 508-09 (Tex. App.—Corpus Christi 1993, no writ).

Here, Detective Prado's testimony about his investigation, including references to out-of-court statements, was relevant to the question of whether there was probable cause to believe R.D.G., Jr., committed the charged offenses. The trial court indicated that it was admitting the testimony for the sole purpose of determining probable cause. We find no error in the trial court's decision.

## Conclusion

Accordingly, we affirm the juvenile court's order waiving jurisdiction and transferring this cause to criminal court.

Judy C. Parker
Justice

5